**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELVIN MILLER,

    Plaintiff,                                        Hon.

vs.                                                 Case No. 2:12-cv-

DETROIT POLICE OFFICER LARRY ADDISON,
DETROIT POLICE EDWARD LAWSON,
THE CITY OF DETROIT, a municipal
corporation, jointly and severally,

    Defendants.
_____/

ROMANO LAW, P.L.L.C.
DANIEL G. ROMANO (P49117)
GORDANA MISOVSKI (P66381)
Attorneys for Plaintiff
26555 Evergreen Road, Suite 1500
Southfield, Michigan 48076
(248) 750-0270
dromano@romanolawpllc.com
gmisovski@romanolawpllc.com
_____/

**There is no other pending or resolved civil action between these parties or other parties
arising out of the transaction or occurrence alleged in the complaint.**

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, MELVIN MILLER, by and through his attorneys, ROMANO LAW, P.L.L.C., and complaining against the above-named Defendants, states as follows:

**GENERAL ALLEGATIONS**

1. Jurisdiction of this Court arises out of 42 U.S.C. Section 1983.

2. That Plaintiff MELVIN MILLER is a resident of the County of Oakland, State of Michigan.

1

3. At all times relevant hereto, the individual Defendants, DETROIT POLICE OFFICER LARRY ADDISON and DETROIT POLICE OFFICER EDWARD LAWSON were law enforcement officers with the City of Detroit Police Department acting in the County of Wayne, State of Michigan.

4. Defendant City of Detroit is a municipal corporation within the State of Michigan.

5. The matter in question occurred in the City of Detroit.

## ALLEGATIONS OF FACT

6. On May 22, 2011 Plaintiff was a patron at Mandee's club, on Broadway Street in the City of Detroit.

7. As closing time was approaching, an altercation ensued in the club and someone inside of the club discharged pepper spray or some other form of chemical spray or substance.

8. Plaintiff quickly exited the club and attempted to catch his breath and find the friends that he had arrived with.

9. As he was standing in front of the club, he heard yelling and as he turned around, he was confronted by one of the Defendants who began screaming "get the f*ck out of here" inches from his face.

10. When Plaintiff told the Defendant he was just waiting for his friend to go home, the officer grabbed Plaintiff by the neck and began to choke him.

11. The Defendant removed his hand and then tackled Plaintiff to the ground and the Defendants began beating him with an object resembling a club or a flashlight severely injuring his knee.

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

12. Plaintiff was then handcuffed, lifted, placed in the police car, and when he asked why he was being arrested the Defendant responded "Because you didn't do what the f**k I told you to do."

13.  The Defendants proceeded to drive Plaintiff a few blocks away, ran his name in the lien system, found that he did not have any existing warrants and told him it was his lucky day.

14. Plaintiff's friends then pulled up to see where he was being taken and the Defendants released him and told his friends to take Plaintiff to the hospital.

15. After returning home from the hospital, Plaintiff went to Detroit Police Department and reported the incident, at which time he filled out a citizens complaint which was apparently never investigated.

16. That as a direct and proximate result of the wrongful acts of Defendants as aforesaid, the Plaintiff:

a. Sustained severe and permanent injuries;

b. Suffered shock and emotional damage;

c. Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

d. Was unable to attend to his usual affairs, render services as formerly;

e. Was hampered in the enjoyment of the normal pursuit of life as before;

Said injuries are permanent to the degree that Plaintiff will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

17. That the amount in controversy exceeds Seventy-Five Thousand Dollars or is otherwise within the jurisdiction of this court.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983.
## <u>UNREASONABLE SEIZURE and USE OF EXCESSIVE FORCE.</u>

18. Plaintiff incorporates each of the Common Allegations as though fully stated herein.

19. That 42 USC Section 1983 provides for civil liability for deprivation of any right, privilege and immunity carried by the constitution and laws of the United States and the State of Michigan.

20. That at all times material herein, Defendants were acting under color of law.

21. That at all times material herein, said Defendants subjected Plaintiff to depravation of his rights, privileges and immunity secured by the Constitution of the United States and, more specifically, Amendments 4 and 14 of the laws of the United States and the State of Michigan.

22. That the above referred to customs and practices of subjecting citizens to seizure and prosecution without investigation and without probably cause implemented by Defendants proximately caused the injuries and losses to Plaintiff as alleged herein thereby depriving Plaintiff of his rights, privileges and immunities secured by the United States Constitution and Amendment IV.

23. As a result of these wrongful acts of Defendants, Plaintiff suffered the damages described above.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in whatever amount the Plaintiff s are entitled together with exemplary and punitive damages, plus interest, costs, and attorney fees.

## COUNT II
## 42 USC § 1983 AGAINST MUNICIPALITY

24.  Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

25. That 42 USC Section 1983 provides for civil liability for deprivation of any right, privilege and immunities carried by the constitution and laws of the United States and the State of Michigan.

26. That Section 42 USC 1983 provides for civil liability of government units for deprivation of any right, privileged and immunity secured by the United States Constitution pursuant to the carrying of custom and/or practice of said governmental unit.

27. That at all time's material hereto, Defendants were acting under the color of law in the custom and practice of the City of Detroit and its police department.

28. At all times pertinent hereto, the Defendant City of Detroit developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons within the City, which caused the violation of Plaintiff's rights.

29. At all times pertinent hereto, the Defendant City of Detroit and its Police Department did implement unconstitutional customs and practices, including the following:

    a.       Tolerated and encouraged its police officer to harass its citizens by performing warrantless and unconstitutional searches on innocent citizens without any legal cause or excuse;

    b.       Failed to adequately screen, hire, train and employ capable and professional officers;

    c.       Knew or should have known of previous harassing and abusive actions of its officers and failed to adequately sanction said officers;

    d.       Failed to adequately supervise, monitor and train its officers, including the officers involved in this instant matter, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

    e.        Failed to implement appropriate in-service training or re-training of officers who were known to engage in police misconduct;

    f.        Failed to adequately and properly investigate complaints of police misconduct and acts of misconduct were instead tolerated by the City of Detroit;

    g.  To do other customs and practices, which are more specifically alleged in the foregoing sections of this complaint.

    30. That the above referred to customs and practices implemented by Defendant proximately caused the injuries and losses to Plaintiff as alleged herein thereby depriving Plaintiff of his rights, privileges and immunities secured by the United States Constitution; specifically, the Fourth and Fourteenth Amendment of the Constitution.

    **WHEREFORE**, Plaintiff demands judgment against Defendant in whatever amount the Plaintiff is entitled together with exemplary and punitive damages, plus interest, costs, and attorney fees.

    Respectfully submitted,

    ROMANO LAW, P.L.L.C.

    /*s/Gordana Misovski*_____
    DANIEL G. ROMANO (P49117)
    GORDANA MISOVSKI (P66381)
    Attorneys for Plaintiff
    26555 Evergreen, Suite 1500
    Southfield, MI 48076
    (248) 750-0270
    dromano@romanolawpllc.com
    gmisovski@romanolawpllc.com

Dated: October 18, 2012

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

**DEMAND FOR JURY TRIAL**

**NOW COMES** the above-named Plaintiff, by and through his attorneys, ROMANO LAW, P.L.L.C., and hereby makes formal demand for a trial by jury of the facts and issues involved in this cause of action.

                                  ROMANO LAW, P.L.L.C.

                                  /*s/Gordana Misovski*_____
                                  DANIEL G. ROMANO (P49117)
                                  GORDANA MISOVSKI (P66381)
                                  Attorneys for Plaintiff
                                  26555 Evergreen, Suite 1500
                                  Southfield, MI 48076
                                  (248) 750-0270
                                  dromano@romanolawpllc.com
                                  gmisovski@romanolawpllc.com

Dated: October 18, 2012

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270